COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

JOSE VENANCIO RODRIGUEZ,                       )

                                                                              )             
No.  08-04-00203-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
179th District Court

THE STATE OF TEXAS,                                     )

                                                                              )             
of Harris County, Texas

Appellee.                           )

                                                                              )                     (TC# 967799)

                                                                              )

 

 

MEMORANDUM  OPINION

 

Appellant Jose
Venancio Rodriguez attempts to appeal his conviction for possession of a
controlled substance, namely, cocaine with intent to deliver, weighing more
than four grams and less than 200 grams by aggregate weight, including any
adulterants and dilutants.  Appellant
plead guilty, and in accordance with the plea bargain agreement, the trial
court sentenced Appellant to 15 years=
imprisonment.  Finding that Appellant has
no right of appeal, we dismiss the appeal.

Rule 25.2(a)(2) governs the
defendant=s right
to appeal in a criminal case:

 








A defendant in a criminal case has the
right of appeal under Code of Criminal Procedure article 44.02 and these
rules.  The trial court shall enter a
certification of the defendant=s
right of appeal in every case in which it enters a judgment of guilt or other
appealable order.[1]  In a plea bargain case--that is, a case in
which defendant=s plea is
guilty or nolo contendere and the punishment did not exceed the punishment
recommended by the prosecutor and agreed to by the defendant--a defendant may
appeal only:

 

(A)       those matters that were raised by written
motion filed and ruled on before trial, or

 

(B)       after getting the trial court=s permission to appeal.

 

Tex.R.App.P.
25.2(a)(2).

 

On June 8, 2004,
Appellant filed his pro se notice of appeal.  On December 2, 2004, the clerk=s office notified Appellant that the
trial court has indicated in the court=s
certification that this is a plea-bargain case and Appellant has no right of
appeal and requested a response.  By
letter filed December 8, 2004, Appellant=s
counsel informs the Court that he has determined that no written motions were
filed and ruled upon pretrial and that his client was not given permission to
appeal any issues.  Appellant=s counsel does not challenge the trial
court=s
certification.  After reviewing the
record, we find that it supports the trial court=s
certification.  

Article 44.02 of
the Texas Code of Criminal Procedure provides:

A defendant in any criminal action has
the right of appeal under the rules hereinafter prescribed, provided, however,
before the defendant who has been convicted upon either his plea of guilty or
plea of nolo contendere before the court and the court, upon the election of
the defendant, assesses punishment and the punishment does not exceed the
punishment recommended by the prosecutor and agreed to by the defendant and his
attorney may prosecute his appeal, he must have permission of the trial court,
except on those matters which have been raised by written motion filed prior to
trial.  This article in no way affects
appeals pursuant to Article 44.17 of this chapter.

 

Tex.Code
Crim.Proc.Ann. art. 44.02 (Vernon 1979).

 








Because Appellant
did not receive the trial court=s
permission to appeal, Appellant has no right of appeal.  Accordingly, the appeal is dismissed.

 

 

 

                                                                                 


December
30, 2004                                         

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
Rule 25.2(d) requires that the trial court certify whether the defendant has a
right of appeal under Rule 25.2(a)(2).  See
Tex.R.App.P. 25.2(d).